UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

EDUARDO BATISTA,
Petitioner,

v.

MARKWAYNE MULLINS, *et al.*,
Respondents.

Case No.: 26-cv-4052-JO-JAC

**ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS [DKT. 1]**

For the reasons stated at Dkt. 12 and on the record at oral argument on August 6, 2026, the Court GRANTS the habeas petition [Dkt. 1] and ORDERS as follows:

1. **Release:** Respondents are ORDERED to release Petitioner by 5 p.m. on September 1, 2026. Respondents must file a declaration confirming Petitioner's release by 5 p.m. the following business day.
2. **Limitations on Removal and Redetention**: Respondents are ENJOINED from removing Petitioner from the United States or from this District, or from redetaining him, unless the government (1) has identified a third country willing to accept Petitioner and (2) has made concrete arrangements for his flight to the

identified third country in the reasonably foreseeable future. Respondents shall file a written declaration with this Court **<u>at least 48 hours prior</u>** to any redetention, confirming that they have satisfied the requirements above.

3. **Restrictions on Removal to a Third Country**: To ensure Petitioner receives constitutionally adequate process—including notice and a meaningful opportunity to seek relief from removal to a country where he may face persecution or torture—the Court ENJOINS Respondents from removing Petitioner to any country not designated on his order of removal (*i.e.*, a "third country") unless they comply with all of the following procedures. *See Trump v. J.G.G.*, 604 U.S. 670, 673 (2025) (*per curiam*) (noncitizens are entitled to due process of law in removal proceedings).
    a. Respondents must provide Petitioner with written notice identifying the intended country of removal in a language Petitioner understands, affirmatively ask whether he fears removal to the country identified in the notice, and file a copy of the notice on the docket;
    b. If Petitioner expresses fear of removal to the identified third country, Respondents must provide a reasonable fear interview **<u>at least 10 days after</u>** issuing the notice, to allow Petitioner sufficient time to prepare for the interview, *see Kumar v. Wamsley*, No. C25-2055-KKE, --- F.Supp.3d. ---, 2025 WL 3204724, *8 (W.D. Wash. Nov. 17, 2025) (citing 8 C.F.R. § 208.31(b) and observing that regulations concerning reasonable fear interviews in other immigration contexts contemplate a ten-day timeframe);
    c. If Respondents determine that Petitioner does have a reasonable fear of removal to the third country, they must move to reopen his removal proceedings to permit him to apply for protection from removal to that third country, including withholding of removal under 8 U.S.C. § 1231(b)(3) and protection under the Convention Against Torture;

d. If Respondents determine that Petitioner does not have a reasonable fear of removal to the third country, they must provide him with a reasonable period of time to file a motion to reopen with the immigration court or the Board of Immigration Appeals; **and**

e. Respondents must file a declaration with this Court confirming that they have complied with all the procedures listed above **at least 7 days prior** to removing Petitioner to any third country in order to provide him with an opportunity to challenge any further unlawful detention or removal procedures.

**IT IS SO ORDERED.**

Dated: August 31, 2026

Honorable Jinsook Ohta
United States District Judge